UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
Leonard Jermaine Jackson, Estate,    )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )    Civil No. 18-11609-LTS
                                     )
Commonwealth of Massachusetts,       )
                                     )
    Defendant.                   )
                                     )

MEMORANDUM AND ORDER

October 15, 2018

SOROKIN, J.

For the reasons set forth below, this action is <u>DISMISSED</u> without prejudice.

I.     BACKGROUND

Leonard Jermaine Jackson, an inmate in custody at MCI – Concord, filed a set of *pro se* submissions as follows: (1) Declaration for Writ of Mandamus; (2) Application to Proceed in District Court Without Prepaying Fees or Costs; (3) Motion to be brought before the court pursuant M.G.L. c. 222, § 22 (habeas corpus); (4) Imposition of Constructive Trust and Conversion; (5) Motion to Allow Deposit; and (6) Motion to Vacate Execution of Judgment pursuant to M.G.L. c. 224, § 14 (supplementary process). Doc. Nos. 1-3, 6-8, 11. In many of the pleadings, Jackson identifies himself as "Executor Sui Juris" and "Executor Reverend Leonard Jermaine Jackson, of the Leonard Jermaine Jackson Estate."

These submissions suggest Jackson's desire to challenge certain proceedings that took place in the Bristol County Superior Court. As best can be gleaned from the pleadings, in 2002, Jackson was found guilty in a criminal proceeding before the Bristol County Superior Court

despite his having entered a plea of not guilty in 1999. On July 31, 2015, Jackson made a financial offer for the satisfaction of the judgment, described as a "Judgment Lien." He subsequently filed several documents in state court seeking to use the laws governing commercial transactions to upset his criminal conviction and satisfy the purported judgment lien.

II.     SCREENING

Under 28 U.S.C. § 1915(A), the Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, a district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. *Lopez v. Baker*, No. 18-10183-LTS, 2012 WL 2170325, at *l (D. Mass. May 10, 2018) (citing *Mallard v. United States District Court*, 490 U.S. 296, 307-08(1989); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) ). In conducting this review, the Court liberally construes the plaintiff's pleadings because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

III.  DISCUSSION

Even with a liberal construction, this action cannot survive preliminary review because Jackson has not alleged facts which even remotely suggest that he has a viable legal claim. To the degree Jackson maintains that he is not a *pro se* litigant but a "sui juris" party, his position is facially deficient. His legal position is erroneously based on a misguided reading of statutes and other authority that are common to claims asserted by sovereign citizen groups.[1]

Additionally, Jackson's purported efforts to satisfy a judgment lien are not the creations of civil commercial transactions, UCC transactions, or state law fiduciary relationships, and as one federal court of appeals has explained in a similar proceeding, a prisoner's "...use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws." *Northrop v. Quintana*, 2015 WL 7345756, at *3–4 (E.D. Ky. 2015) (citing *Harris v. Wands*, 410 Fed.Appx. 145, 147 (10th Cir. 2011)); *see Miller v. Brown*, No. 1:12-CV-01589-LJO-BAM (PC), 2015 WL 6150844, at *2 (E. D. Cal. Oct. 16, 2015) ("Plaintiff's references to concepts of commercial law are unavailing; the law governing commercial transactions cannot be used to upset criminal convictions, even collaterally."). The court views the pleadings as frivolous since the arguments based on commercial law are without merit and fail to state a viable claim.

---

[1] The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. *United States v. Ulloa*, No. 11–5368, 511 Fed. Appx. 105, 107, 2013 WL 535776, at n. 1. (2d Cir. 2013); *see also Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting courts have described sovereign citizen ideology as "completely without merit," "patently frivolous," and "having no conceivable validity in American law") (citations omitted).

Although the Court often affords *pro se* plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases *sua sponte*," *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Id.* at 36–37.

IV. <u>CONCLUSION</u>

Accordingly, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(A). The clerk shall enter a separate order of dismissal.

                                                  SO ORDERED.

                                             /s/ Leo T. Sorokin
                                             Leo T. Sorokin
                                             United States District Judge